THE TOWN OF GUTTENBERG, IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION, PLAINTIFF-RESPONDENT, v. PHILIP BENJAMIN, DEFENDANT-APPELLANT.

Decided January 5, 1928.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Record, Higgins & Teese.*

For the respondent, *Warren Dixon.*

PER CURIAM.

The plaintiff below brought its action, in the First District Court of Jersey City, to recover penalties from the de-

fendant below for three distinct violations by him, of section 3 of an act entitled "An act to amend the title and body of an act entitled 'An act concerning auto buses, commonly called jitneys, and their operation in cities,' approved March 17th, 1916." *Pamph. L.* 1926, *p.* 222.

Section 3 provides: "Every person as herein defined owning or operating an auto bus as herein defined in any municipality of this state shall, on or before the tenth day of each calendar month, file with the chief fiscal officer of such municipality a statement, verified by oath, showing the gross receipts from the business of said auto bus or buses during the preceding calendar month, and shall at the same time pay to such fiscal officer of such municipality five (5) per centum of such gross receipts as a monthly franchise tax for revenue for the use of the streets, provided that if the route over which such auto bus is operated shall extend beyond the limits of such municipality, then such person shall include in such statement the length of the route over which said auto bus is operated both within and without said municipality, and shall pay as said franchise tax to said municipality five (5) per centum of such proportion of the gross receipt as the length of the route in the municipality bears to the whole length of the route over which said auto bus is operated both within and without said municipality, and shall pay as said franchise tax to said municipality five (5) per centum of such proportion of the gross receipts as the length of the route in the municipality bears to the whole length of such route * * *.

"Any person owning or operating an auto bus or auto buses in any municipality of this state neglecting or refusing to make such monthly statement or payment at the time, and as required herein, shall thereby forfeit and pay for such neglect or refusal one hundred ($100) dollars for each offense to be recovered by action in the name of such municipality in any court of competent jurisdiction, and when collected, paid into the municipal treasury" * * *.

By the agreed state of the case, it appears that the appellant owned and operated a passenger bus, with a carrying capacity of forty passengers, during the months of March,

April and May, 1926; that the bus was operated through the public streets of the town of Guttenberg, and its route extended between and through adjacent municipalities, and it took on and discharged passengers along the streets of Guttenberg.

The town of Guttenberg passed no ordinance regulating the operating of buses within its limits, nor did it issue any permit to the defendant to operate its bus within its limits, nor did appellant make any applications to the town to operate the bus; that the defendant did not file, on or before the tenth day of either of the months of April, May and June, 1926, with the chief fiscal officer of the plaintiff, a statement showing the gross receipts from the business of said auto bus during the preceding calendar month, and did not at the same time pay to said fiscal officer five (5) per centum of such proportion of the gross receipts as the length of the route in the municipality bears to the whole length of the route; that the defendant did on July 19th, 1926, file such statements and pay such proportion of the five (5) per centum to the said fiscal officer, which defendant claimed was done under protest.

The specifications of the determinations of the First District Court, with which appellant, in point of law is dissatisfied, is stated as follows: "At the close of the plaintiff's case, appellant's attorney made a motion for a nonsuit, on the ground that the plaintiff's case did not show any liability on part of the defendant, and on the ground that the state of demand claimed penalties over $500 and beyond the jurisdiction of the court. The court denied the motion and appellant asked for an exception and the same was granted.

"At the close of the case a motion was made for a direction of a verdict for the defendant on the same ground. The court denied the motion and appellant asked for an exception and the same was granted.

"The court erred in both of these determinations, and appellant is dissatisfied with same in point of law."

The only point argued and relied on in the appellant's brief for a reversal of the judgment is, that section 3, above quoted,

is not applicable to the facts of the present case for the reason that section 5 of the act provides: "Any person operating an auto bus in any streets of any municipality at any time after sixty days from the time that this act shall take effect without complying with the provisions of this act shall be deemed guilty of a misdemeanor and subject to the penalties provided by law," and that this is the only penalty which the appellant was and is subject to.

To sustain this contention, counsel of appellant advances the argument that the general purpose of the act was to establish reciprocal obligations and duties on the part of operators of buses, municipal authorities and the state board of public utility commissioners, in that the bus operator was to get a permit or consent for which he was to pay a tax of five per cent. of his grossly monthly receipts, and that no person should operate a bus until he has obtained the consent of the municipality; that such consent has been approved by the state board, and that the operation of a bus without this consent is violative of the provisons of the act, for which section five provides the only penalty to which the appellant is amenable; and that the town of Guttenberg is seeking by the present action to take advantage of its own neglect of the plain statutory duty, which requires vigilance on part of the municipality that no jitney bus is operated over its highways without its consent.

In support of this construction, appellant's counsel urges that since the last proviso of section 2 of the act (at $p.$ 222) provides: "* * * that nothing further herein contained shall be held to entitle any such municipality which has refused or failed to grant such consent to any proportion of the five (5) per centum franchise tax herein imposed," therefore, in view of the fact that the appellant had not obtained a permit from the town of Guttenberg to operate a jitney bus through its public streets, there was no legal duty cast upon him to pay any tax, and, consequently, he was not legally obligated to file a statement showing the gross receipts from the business, such as is required by section 3 of the act.

Even if we assume that this contention is sound, it is manifestly without force under the facts, as presented by the record before us.

There is nothing in the record that shows that the appellant did not have the consent of the town of Guttenberg to operate the bus. The mere fact that it is conceded in the agreed state of the case that the appellant made no application to the town of Guttenberg for a permit to operate a bus through the said town, and that no permit was granted by the town of Guttenberg to the appellant to operate a bus within its limits, does not preclude a presumption arising from the fact that the bus having been operated for a long period of time through the town of Guttenberg's public streets, without objection, on its part, that the said town consented to such operation. The very circumstance that the town had instituted no proceedings against the appellant to operate his bus, for a violation of the law under section 5 of the act, gives rise to the inference that the operation of the bus was not against the town's permission or consent. The burden was upon the appellant to establish that the operation of the bus came within the proviso. This he has failed to do.

Judgment is affirmed, with costs.